# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

MARSHAUN STEWART (# 46883)                                    PETITIONER

v.                                                           No. 2:06CV164-P-A

CHRISTOPHER EPPS, ET AL.                                     RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Marshaun Stewart for a writ

of *habeas corpus* under 28 U.S.C. § 2254.  The state has answered.  The matter is ripe for

resolution.  For the reasons set forth below, the petition for a writ of *habeas corpus* shall be

dismissed with prejudice.

### Facts and Procedural Posture

The petitioner was convicted in the Circuit Court of Coahoma County, Mississippi, of

rape – and had previously pled guilty to rape and to burglary of an inhabited dwelling at night

while armed with a deadly weapon with the intent to commit rape.  He was sentenced to serve the

following terms in the custody of the Mississippi Department of Corrections:  twenty-five years

on the rape conviction,[1] a consecutive term of twenty years on his plea of guilty to burglary, and

twenty-five years on his plea to rape to run concurrently to the sentences previously imposed.

State Court Record ("S.C.R."), Cause No. 2005-CP-01403, Vol. 1, pp. 9-14.  He is currently

housed at the Carroll-Montgomery County Regional Correctional Facility in Vaiden, Mississippi.

---

[1]The conviction and sentence for rape was affirmed by the Mississippi Supreme Court on
March 27, 1985.  *Stewart v. State*, 466 So. 2d 906 (Miss. 1985).

In the instant petition, Stewart does not challenge his convictions and sentences. Rather, he claims that he is being held beyond the expiration of his sentence. For this reason, the court shall discuss only the procedural history pertaining to the petitioner's allegation regarding the expiration of his sentence.

On March 26, 2003, petitioner filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241" in the Coahoma County Circuit Court, arguing that he was being held beyond the expiration of his sentence. S.C.R., Cause No. 2005-CP-01403, Vol. 1, pp. 2-18. The circuit court dismissed Stewart's petition on May 3, 2004, for a variety of reasons – including that the petitioner had not first sought leave in the Supreme Court to file the post-conviction petition, that the petition did not contain the information required under Mississippi Code Section 99-39-9, and that the petition was untimely. *Id*. at 41-44. The circuit court noted further that the Sunflower County Circuit Court had already ruled on the issue of earned time in Cause No. 2002-0079-M and found that Stewart's loss of earned time was appropriately calculated by the Mississippi Department of Corrections.[2] *Id*. at 43. On May 14, 2004, the petitioner filed a motion for reconsideration of the dismissal in the Coahoma County Circuit Court; the motion was denied June 30, 2005. *Id*. at 46-66.

The petitioner then appealed the circuit court's dismissal of his post-conviction petition to the Mississippi Supreme Court raising the following issues (as stated verbatim by the petitioner):

---

[2]The matter regarding loss of earned time that ultimately resulted in a dismissal by the Sunflower County Circuit Court originated as a grievance through MDOC's Administrative Remedy Program. *See* Cause No. 2002-TS-01807. The petitioner then appealed the circuit court's decision to the Mississippi Supreme Court, but the appeal was dismissed for failure to pay costs. *See* Cause No. 2002-TS-01807.

A.      Whether the trial court erred in failing to conduct hearing on petition prior
        to summarily dismissing petition.

B.      Whether trial court abused it's discretion in failing to determine whether
        the petitioner went before a classification board to hear the evidence
        before he was demoted in earn time according to statutory procedures.

C.      Whether the trial court abused it's discretion in failing to determined
        whether the classification board is unlawful holding appellant pass his
        expired sentence date 6/16/05.

On September 26, 2006, the Mississippi Court of Appeals affirmed the denial of petitioner's

post-conviction motion by the circuit court. *Stewart v. State*, 938 So.2d 344 (Miss. App. 2006)

(Cause No. 2005-CP-01403-COA).

        In the instant federal petition for writ of *habeas corpus*, Stewart raises four grounds for

relief. Grounds One, Two and Four allege the same basic issue: Whether the petitioner is being

held beyond the expiration of his sentence. Ground Three merely sets forth facts and raises no

issue.[3]

### Grounds One, Two, and Four: Procedural Default

        The petitioner has not presented the claim that his sentence has expired to the Mississippi

Supreme Court. The petitioner presented this issue to the Mississippi Court of Appeals during

his appeal of the trial court's denial of his post-conviction petition. The Mississippi Court of

Appeals affirmed the trial court's decision. Stewart did not, however, petition the Mississippi

Court of Appeals for rehearing; nor did he seek certiorari in the Mississippi Supreme Court. The

---

[3]Stewart previously filed a federal petition for a writ of *habeas corpus* (Cause No. 2:04CV300-P-A) in this Court on October 22, 2004. The court dismissed the petition for failure to exhaust. Stewart has filed at least two other federal *habeas corpus* petitions: (1) Cause No. 3:00CV605-B-JN challenging the parole board's refusal to grant him parole and (2) Cause No. 4:03CV314-D-B challenging the loss of over 900 days of earned time.

petitioner had the right to seek further review – but failed to do so. MISS. R. APP. P. 17(a).  The

deadline for doing so has expired. MISS. R. APP. P. 40 and 17(b).   As such, the petitioner has

procedurally defaulted these claims.  28 U.S.C § 2254(c); *O'Sullivan v. Boerckel,* 526 U.S. 838,

119 S.Ct. 1728, 67 USLW 3682 (1999).

The state court dismissed this claim by applying independent and adequate state

procedural rules – finding that the petitioner did not seek leave from the Mississippi Supreme

Court to proceed in the trial court, did not include required information in his petition, and did

not submit the petition in a timely fashion.  As such, federal courts conducting *habeas corpus*

review are estopped from deciding this issue on the merits – unless the petitioner can show cause

for these failures and actual prejudice from the court's dismissal of the petition because of them.

*Coleman,* 501 U.S. at 750; *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted).

The petitioner has not shown "cause" for his default because no external impediment existed to

prevent him from raising and discussing this ground for relief in a motion for rehearing – or in a

petition for writ of certiorari in state court.  *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993);

*Hill v. Black,* 932 F.2d 369 (5th Cir. 1991).  As the petitioner has not shown cause the court need

not consider whether the petitioner suffered prejudice.  *Martin v. Maxey,* 98 F.3d 844, 849 (5th

Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

The petitioner will not suffer a "fundamental miscarriage of justice" from the court's

decision not to review his claims on the merits because the petitioner has not shown that as a

factual matter, he is innocent of the crimes of conviction.  *Fairman v. Anderson,* 188 F.3d 635,

644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  Indeed, the petitioner

does not challenge his conviction and sentence – and thus does not even allege that he is innocent

of the crimes of his convictions.  Instead, he challenges the computation of his sentence as

calculated by the Mississippi Department of Corrections.  Hence, there can be no finding that a

fundamental miscarriage of justice will result if his claim is not considered on the merits.  As

such, Grounds One, Two, and Four shall be dismissed with prejudice.  Finally, as the section of

the petition entitled "Ground Three" does not set forth any grounds for *habeas corpus* relief,

Ground Three must be dismissed, as well.

In sum, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

A final judgment consistent with this memorandum opinion shall issue today.


**SO ORDERED,** this the 20th day of June, 2007.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE